UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NICKY COLON,                                   No.: 1:17-cv-8642

                Plaintiff,
                                      **COMPLAINT AND DEMAND FOR JURY TRIAL**

    -against-

AUTOPART INTERNATIONAL, INC.,
JAMES MONTIJO, (sued in his Individual Capacity
Pursuant to N.Y. Executive Law 290 et seq.),

                Defendants.
------------------------------------------------------------------X

Plaintiff, NICKY COLON, by his attorneys, MARK DAVID SHIRIAN P.C., complaining of the Defendants respectfully alleges as follows:

### NATURE OF CLAIMS

1. This is an action for monetary damages to redress Defendants' unlawful employment practices, including their unlawful discrimination against Plaintiff, in violation of the American with Disabilities Act, 42 U.S.C. 12101 et seq. ("ADA"), and the New York State Human Rights Law, New York Executive Law 290 et seq. , New York City Admin. Cod. §8-107 and other tortuous conduct.

2. Upon learning and/or perceiving that Plaintiff was disabled, namely from lower back pain and limitations, Defendants harassed or intimidated Plaintiff and abruptly terminated his employment. Plaintiff was diagnosed with the disabilities and

symptoms mentioned above following a motor vehicle accident that he sustained in August 2016.

3. Defendants' discriminatory and tortuous conduct showed a knowing, reckless and/or willful and malicious disregard for Plaintiff's rights. Defendants' unlawful conduct has caused and continues to cause Plaintiff to suffer economic damages.

### JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and city law pursuant to 28 U.S.C. 1367(a).

5. Venue properly lies in the Southern District of New York, pursuant to 28 U.S.C. 1391(b), because the claims arose in this judicial district, and the defendants are doing business in this district.

6. Plaintiff has complied with all statutory perquisites to his ADA claim, having filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about January 6, 2017 (Charge #: 520-2017-01170), and

received notice of right to sue from the EEOC on or about August 28, 2017. Annexed hereto as Exhibit A is a copy of the Notice of Right to Sue letter.

7. Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

8. Plaintiff, NICKY COLON (hereinafter "Plaintiff") is a 42 year old married Hispanic male with a disability, namely symptoms of lower back pain. Plaintiff resides in this district of Bronx County, New York. At all relevant times, Plaintiff met the definitions of an "employee" and a "qualified individual with a disability" under all applicable statutes.

9. Autopart International, Inc. ("Autopart") is a Norton, Massachusetts based provider of premium auto parts. Autopart is a wholly owned subsidiary of Advance Auto Parts, which is the largest automotive aftermarket supplier in the U.S. Autopart is located at 4506 Park Avenue, Bronx, New York 10457. Autopart was an employer of Mr. Colon at all relevant times to this action

10. Defendant James Montijo (hereinafter "Defendant Montijo") is a male Autopart employee. At all relevant times, Defendant Montijo was a manager at Autopart. Moreover, Defendant Montijo participated directly in discriminatory and tortious employment decisions and actions taken against Plaintiff. Montijo was a

supervisor of Mr. Colon at all relevant times to this action possessed sufficient authority to affect personnel decisions.

## FACTUAL ALLEGATIONS

11. Plaintiff is a qualified individual with a disability, namely symptoms of lower back pain, which substantially limits one or more of his major life activities. His disability substantially limits, among other things, his major life activities of sitting for a long period of time, and walking.

12. Due to his severe lower back pain, Plaintiff has undergone medical evaluation and treatment.

13. Notwithstanding his disability, Plaintiff was fully qualified to work at Autopart, with or without reasonable accommodation.

14. In April of 2016, Mr. Colon was hired by Autopart as a delivery driver. Mr. Colon worked five days a week at $10.00 per hour for ten hours a day. Mr. Colon's responsibilities included picking up parts and delivering the same.

15. At all times relevant to this action, Mr. Colon was provided with a Autopart uniform while he was employed by Autopart, and exclusively utilized Autopart equipment, including but not limited to, a 2014 Toyota Tacoma pick-up truck

owned by Autopart. Autopart also maintained records of hours and directly supervised Mr. Colon on a daily basis.

16. At the time Mr. Colon was first hired by Autopart, his direct supervisor was James Montijo, ("Montijo") an employee of Autopart.

17. The acts of discrimination forming the basis of this complaint began on August 8, 2016 when Mr. Colon was involved in a motor vehicle accident during the course of his employment with Autopart when he was rear-ended and struck by another vehicle. As a result of the accident, Mr. Colon sustained personal injuries that are believed to be permanent.

18. Mr. Colon immediately informed Montijo about the accident and his injuries on the same day of the accident. Mr. Montijo also came to the scene of the accident.

19. On August 9, 2016, Mr. Colon felt pain in his lower back, left shoulder, left knee and left ankle as a result of the injuries he sustained in the accident. As such, Mr. Colon informed Mr. Montijo that he was unable to come back to work because of his injuries.

20. Mr. Montijo then stated that he was extremely busy and that he needs Colon to work.

21. Although Mr. Colon had difficulty lifting anything heavy, he was able to still drive. However, Mr. Colon was never offered any accommodation for his disability. Notwithstanding his disability, Mr. Colon was fully qualified to work at Autopart, with or without reasonable accommodation.

22. In response to this accident, Montijo also informed Mr. Colon that Autopart required Mr. Colon to submit to a mandatory post-accident drug test, which is a company policy following an accident.

23. On August 10, 2016, Mr. Colon submitted to a drug test at LabPort. However, Mr. Colon did not provide a sufficient amount of urine sample for the test and he was told to either stay or reschedule. Mr. Colon left the drug test.

24. Mr. Colon's supervisor, Miguel (last name unknown), directed Colon to submit to a second drug test.

25. As such, on August 20, 2016, Mr. Colon successfully submitted to a second drug test.

26. At the end of August 2016, Mr. Colon inquired with Mr. Montijo about the result of the second drug test but instead of receiving a response, Mr. Montijo abruptly terminated Colon.

27. Defendants discriminated against Plaintiff by denying his the opportunity to work in the position for which he was hired and fully qualified, due to his disability, because Defendants regarded him as disabled, and/or because of his record of disability.

28. As a result of Defendants' actions, Plaintiff has suffered monetary and/or economic damages, including but not limited to the loss of past and future income, compensation and other benefits.

29. As a result of Defendants' actions, Plaintiff has suffered severe mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress, anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

30. Defendants' discriminatory actions were intentional, done with malice and/or showed a deliberate, willful, wanton and reckless indifference to Plaintiff's civil rights.

## AS AND FOR A FIRST CAUSE OF ACTION

**(Discrimination and Harassment in Violation of ADA against Autopart)**

31. Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth in full herein.

32. Defendant Autopart discriminated against Plaintiff in violation of the ADA by denying his equal terms and conditions of employment, including but not limited to, denying his the opportunity to work as a driver, for which he was hired and fully qualified, because of his disability, because Defendant regarded him as disabled, and/or because of Plaintiff's record of disability.

33. Defendant Autopart discriminated against Plaintiff in violation of the ADA by denying his equal terms and conditions of employment, including but not limited to, failing to accommodate his disability, and terminating his employment, despite his qualifications for the position, because of his disability, because Defendant regarded him as disabled, and/or because of Plaintiff's record of disability.

34. Defendant Autopart discriminated against Plaintiff in violation of the ADA by creating, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Plaintiff because of his disability, because Defendant regarded him as disabled, and/or because of Plaintiff's record of disability.

35. As a direct and proximate result of Defendant Autopart's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits.

36. As a direct and proximate result of Defendant Autopart's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

37. Defendant Autopart's unlawful and discriminatory actions constitute willful violations of the ADA for which Plaintiff is entitled to an award of punitive damages.

### AS AND FOR A SECOND CAUSE OF ACTION
### (Discrimination and Harassment in Violation of New York State Human Rights Law against Defendants Autopart and Montijo)

38. Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth in full herein.

39. Defendants Autopart and Montijo discriminated against Plaintiff in violation of the New York State Human Rights Law by denying him equal terms and conditions of employment, including but not limited, denying him the opportunity to work as a driver, for which he was hired and fully qualified, because of his disability, because Defendant regarded him as disabled, and/or because of Plaintiff's record of disability.

40. Defendant Autopart and Montijo discriminated against Plaintiff in violating of the New York State Human Rights Law by creating, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Plaintiff because of his disability, because Defendant regarded his as disabled, and/or because of Plaintiff's record of disability.

41. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic damages, but not limited to, loss of past and future income, compensation and benefits.

42. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Aiding and Abetting Violations of New York State Human Rights Law against Defendant Montijo)**

43. Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth in full herein.

44. Defendant Montijo was and/or is a manager and/or supervisor of Defendant Autopart, and he knowingly or recklessly aided and abetted the unlawful employment practices and/or unlawful discrimination against Plaintiff in violation of the New York State Human Rights Law.

45. As a direct and proximate result, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including but not limited to, loss of past and future income, compensation and benefits.

46. As a direct and proximate result, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Negligent Hiring, Retention and Supervision against Defendant Autopart)

47. Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth in full herein.

48. Defendant Autopart negligently hired, trained and supervised its employees.

49. Defendant Autopart is liable because of its negligence in hiring and/or retraining employees who exposed Plaintiff to a dangerous and/or unfit company.

50. Defendant Autopart negligently supervised the employees in that it allowed employees to abuse their professional relationship with Plaintiff in a manner that caused severe mental anguish and injuries.

51. Defendant Autopart knew or had reason to know of the particular unfitness, incompetence, or dangerous attributes of its employees and could have reasonably forseen such qualities created a risk to other persons.

52. Defendant Autopart acted reckless and failed to exercise reasonable care.

53. Defendant Autopart's conduct is especially egregious and it actually participated in the conduct or demonstrated willful indifference.

54. Through the negligence of Defendant Autopart's in hiring its employees, the latter incompetence, unfitness or dangerous characteristics proximately caused plaintiff's injuries.

55. Plaintiff's injuries and damages were a direct and proximate result of the negligence of Defendant Autopart in the following order, without which negligence, the injuries would not have occurred:

   a. In hiring Defendant Montijo, Defendant Autopart knew or should have known that he was an intolerant individual.

    b. Defendant Autopart should not have permitted Defendant Montijo to work alongside others, when Defendant Autopart knew or should have known that the likely result would be injury to Plaintiff.

    c. Autopart's failure to perform an adequate background check of Defendant Montijo exposed Defendant Autopart to negligent hiring and/or negligent retention.

56. It was Defendant Autopart's duty to provide plaintiff with a safe and secure place in which to work. Defendant Autopart, disregarding such duty, negligently and carelessly permitted the workplace to become unsafe, as mentioned above. Autopart negligently and carelessly permitted and required Plaintiff to work in such unsafe environment.

57. As a direct and proximate result of Defendant Autopart's breach of its duty of care, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

58. Defendant Autopart's negligence was reckless and in knowing disregard of its legal obligations to take steps to prevent such conduct under both federal and state law, for which Plaintiff is entitled to an award of punitive damages.

## AS AND FOR A FIFTH CAUSE OF ACTION
## (Discrimination and Harassment in Violation of New York City Admin. Cod. §8-107 against Defendants Autopart and Montijo)

59. Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth in full herein.

60. Defendants Autopart and Montijo discriminated against Plaintiff in violation of the New York City Admin. Cod. §8-107 by denying him equal terms and conditions of employment, including but not limited, denying him the opportunity to work as a driver, for which he was hired and fully qualified, because of his disability, because Defendant regarded him as disabled, and/or because of Plaintiff's record of disability.

61. Defendant Autopart and Montijo discriminated against Plaintiff in violating of the New York City Admin. Cod. §8-107 by creating, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Plaintiff because of his disability, because Defendant regarded his as disabled, and/or because of Plaintiff's record of disability.

62. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the New York City Admin. Cod. §8-107, Plaintiff

has suffered and continues to suffer monetary and/or economic damages, but not limited to, loss of past and future income, compensation and benefits.

63. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the New York City Admin. Cod. §8-107, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in its favor and against Defendants, containing the following relief:

a. A declatory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States and the City and State of New York;

b. An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

c. An order directing Defendants to place Plaintiff in the position he would have occupied but for Defendants' discriminatory treatment of his and otherwise unlawful conduct, as well as to take such affirmative action,

including but not limited to reinstatement, as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment.

d. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/ or economic damages, including but not limited to, the loss of past and future income, wages, compensation, seniority and other benefits of employment;

e. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including but not limited to, compensation for his severe mental anguish, depression, humiliation, embarrassment and emotional distress.

f. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

g. An award of punitive damages;

h. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

i. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: November 7, 2017
      New York, New York

                                      Respectfully submitted,

                                      MARK DAVID SHIRIAN P.C.

By:_____
Mark D. Shirian, Esq.
228 East 45th Street, Suite 1700
New York, NY 10007
Telephone: (516) 417-0201

COUNSEL FOR PLAINTIFF